IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**
JUL 2 5 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Criminal No. Cr 05-30012- DGW |
| HOLTEN MEAT, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, by and through its attorneys, Ronald J. Tenpas, United States Attorney for the Southern District of Illinois, and Michael J. Quinley, Assistant United States Attorney for the Southern District of Illinois, and Defendant, Holten Meat, Inc., by and through its attorney Barry Short, hereby notify the Court, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, that the following Plea Agreement under Rule 11(c)(1)(B) has been negotiated and entered into:

1. Holten Meat, Inc. agrees to plead guilty through an authorized representative to Count Three of the Information alleging unlawful misbranding. The Stipulation of Facts underlying this plea is attached hereto and incorporated herein as Exhibit A.

2. The Information charges Holten Meat, Inc. in Count Three of violating Title 21, United States Code, Sections 601(n)(7) and (9), 610(d), and 676(a), which statute carries a maximum penalty of five years' probation, or a criminal fine of $200,000, or both. See Title 18, United States Code, Section 3571(c)(5). Holten Meat, Inc. is alternatively liable for a fine under Title 18, United States Code, Section 3571(d), which states:

If any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

3. Holten Meat, Inc. agrees to plead guilty to Count Three of the Information. As set forth in the Stipulation of Facts, Holten Meat, Inc. admits that it committed the crime charged in Count 3 of the Information. At the time of sentencing, the United States agrees to dismiss the remaining two counts of the Information against Holten Meat, Inc.

4. Sentencing Guidelines

The United States and Holten Meat, Inc. agree that the following provisions of the United States Sentencing Guidelines (U.S.S.G.") apply to sentencing Holten Meat, Inc. with respect to the Information. The Parties further agree that the effective date of the applicable Sentencing Guidelines is November 1, 1999.

- (a) Pursuant to U.S.S.G. § 2N2.1, the base offense level is 6.
- (b) The parties stipulate that pursuant to U.S.S.G. § 8C2.4(a) and 18 U.S.C. § 3571(d), there is no loss to the United States from this offense for criminal sentencing purposes;
- (c) Pursuant to U.S.S.G. § 8C2.5, the culpability score is six (6), calculated as follows:
   - (1) base score of 5 pursuant to Section 8C2.5(a);
   - (2) add 2 points pursuant to Section 8C2.5(b)(4) for a total offense level of 7;
   - (3) deduct 1 point pursuant to Section 8C2.5(g)(3), for a total offense level of 6.
- (d) Pursuant to U.S.S.G. § 8C2.6, the applicable range for culpability score 6 is a multiplier is 1.20 to 2.40, and the appropriate multiplier to be applied is 2.00.
- (e) Pursuant to U.S.S.G. § 8C2.4(d), the base fine for level 6 or less is $5,000.

(f) Applying the multiplier to the base fine results in a fine range of $6,000 to $12,000. The parties agree that $10,000 is an appropriate fine.

(g) The Parties agree that there is no basis for a departure under the Sentencing guidelines, either upward or downward.

5. The United States and Holten Meat, Inc. have agreed to recommend to the Court that a proper disposition of this matter is:

(a) the imposition of a criminal fine on Holten Meat, Inc. in the amount of $10,000;

(b) Holten Meat, Inc. also agrees to pay the assessment of $125 as required by 18 U.S.C. § 3013(a)(1)(B)(iii) (for offenses committed after April 24, 1996); and,

(c) Holten Meat, Inc. further agrees to a period of probation, if the Court decides to impose a period of probation.

6. Provided the sentence imposed in this case does not exceed the recommendation set forth in paragraph 5 herein, Holten Meat, Inc. waives its right to appeal the sentence imposed, to challenge that sentence in any collateral proceeding, or to seek reduction of the sentence under Rule 35 of the Federal Rules of Criminal Procedure in exchange for the concessions made in this Plea Agreement.

7. Each person who signs this Plea Agreement in some representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations and conditions. A duly executed resolution of the Board of Directors of Holten Meat, Inc. approving this Plea Agreement is attached hereto as Exhibit B.

8. Defendant Holten Meat, Inc. acknowledges that it has been advised and does fully understand the following:

(a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) that Holten Meat, Inc. has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and examine witnesses against it;

(c) that if Holten Meat, Inc. pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial; and,

(d) that if Holten Meat, Inc. pleads guilty, the Court may ask its representatives questions about the offense to which it has pleaded, and if it answers falsely these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it or its representatives in a prosecution for perjury or false statement; and,

(e) that if Holten Meat, Inc. pleads guilty, it will waive its right to persist in its plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and examine witnesses against it at trial.

9. Holten Meat, Inc. agrees that this Plea Agreement and Stipulation of Facts constitute the entire agreement between Holten Meat, Inc. and the United States and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce Defendant to enter into this Plea Agreement.

10.  Defendant Holten Meat, Inc. understands that this offense is subject to provisions and guidelines of the Sentencing Reform Act of 1984 (Ch. II of the Comprehensive Crime Control Act of 1984, Public Law 98-173, Oct. 12, 1984), Title 28, United States Code, § 994(a)).

11.  Defendant Holten Meat, Inc. states that its duly authorized representatives have read this Plea Agreement, they have discussed the agreement with its attorneys, and fully understand it.

12.  Defendant Holten Meat, Inc. understands and agrees that if Holten Meat, Inc., through their officers, senior managers and/or directors, commit any offense in violation of federal, state, local law or violate any term or condition of this Plea Agreement during the period of probation specified in paragraph 5(c) of this agreement, then the Government is not bound by the provisions in this Plea Agreement and may request that the Court impose on Holten Meat, Inc. any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Courts order setting the conditions of probation. No action taken or recommendation made by the Government pursuant to this paragraph will be grounds for Defendant to withdraw its plea.

13.  This Plea Agreement may be executed in more than one counterpart, each of which will constitute an original and all of which will constitute one and the same Agreement.

14.  This Plea Agreement may not be altered, amended, modified, or otherwise changed except by a writing duly executed by each of the parties.

15. No additional promises, agreements, or conditions other than those referenced in this Plea Agreement will be entered unless in writing and signed by all parties.

SO AGREED,

RONALD J. TENPAS
United States Attorney
Southern District of Illinois

_____
HOLTEN MEAT, INC.
Defendant, through its corporate representative

_____
MICHAEL J. QUINLEY
Assistant United States Attorney

_____
BARRY A. SHORT
Attorney for Defendant

Date: 7-25-05

Date: 7-25-2005